[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11564
_____

D.C. Docket No. 9:10-cv-81527-WPD


MR. JULIEN MICHEL BELLERI,
Individually,

Plaintiff–Appellant,

versus


UNITED STATES OF AMERICA,
ANNETTE RIVERA,
Supervisory Detention & Deportation Officer, Immigration and Customs
Enforcement,

Defendants–Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 14, 2013)

Before TJOFLAT and PRYOR, Circuit Judges, and ROTHSTEIN,[*] District Judge.

PRYOR, Circuit Judge:

This appeal requires us to consider whether the district court has jurisdiction over a complaint for money damages filed by Julien Belleri against a federal official and the United States arising out of Belleri's detention for eight months by immigration officials. A provision of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 strips federal courts of jurisdiction over claims "by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." 8 U.S.C. § 1252(g). The parties initially agreed that Belleri is a citizen of the United States, and the district court determined that it had jurisdiction over Belleri's complaint because section 1252(g) bars complaints only by aliens. The district court later dismissed Belleri's complaint for failure to state a claim and for lack of subject matter jurisdiction under the discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(a). While Belleri's appeal of that decision was pending, the United States issued an official notice of cancellation of Belleri's citizenship "on the grounds that it was obtained by fraud and illegally," and the parties now disagree about whether Belleri is a citizen. In the light of this new dispute of a jurisdictional fact, we vacate the order that

---

[*] Honorable Barbara Jacobs Rothstein, United States District Judge for the Western District of Washington, sitting by designation.

2

dismissed Belleri's complaint, and we remand for the district court to determine whether Belleri is a citizen of the United States and, if not, whether the district court has subject matter jurisdiction over his complaint.

## I.    BACKGROUND

Belleri was born in France in February 1983.  In July of that year, Belleri's parents brought him to the United States as a lawful permanent resident.  Until 1994, he resided with both of his parents in the United States and Colombia.

In February 1994, Belleri's parents signed a "Conciliation Agreement" in Colombia that provided for the custody, child support, visitation rights, and education of their children.  The Conciliation Agreement stated that Belleri's parents would share custody of him, but that he would live with his father.  The Conciliation Agreement did not state that Belleri's parents were divorced or legally separated, and it did not provide for a division of marital assets.  The Conciliation Agreement refers on two occasions to Belleri's parents as "spouses."

On March 23, 1999, Belleri's mother became a naturalized citizen of the United States.  Belleri was then 16 years old and living with her in the United States.  Belleri claimed that he then obtained "derivative citizenship" under a provision of the Immigration and Nationality Act that provides as follows that a minor attains derivative citizenship when his parents have obtained a legal separation and the minor lives in the custody of the naturalized parent:

3

> A child born outside of the United States of alien parents . . . becomes a citizen of the United States upon fulfillment of the following conditions:
>
> . . .
>
> (3) The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents . . . if
>
> (4) Such naturalization takes place while such child is unmarried and under the age of eighteen years; and
>
> (5) Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization of the parent . . . .

8 U.S.C. § 1432(a) (repealed 2000).

A child acquires derivative citizenship by operation of law, not by adjudication. "No application is filed, no hearing is conducted, and no certificate is issued when such citizenship is acquired." Matter of Fuentes-Martinez, 21 I. & N. Dec. 893, 896 (BIA 1997). If Belleri obtained derivative citizenship in 1999, he did not have to take any further action to secure his citizenship.

In 2000, Belleri filed an application for a certificate of citizenship, but the government denied his application after he failed to appear for an interview. Belleri alleges that he did not receive notice of the interview date until after it had passed. Belleri's parents eventually obtained a judicial decree of divorce on August 25, 2005.

4

In 2007, police officers in Palm Beach County, Florida, arrested Belleri on several misdemeanor and felony charges. Belleri pleaded guilty to charges of battery and aggravated battery and served a sentence of imprisonment for 137 days. While Belleri was in prison, the Immigration and Customs Enforcement of the Department of Homeland Security issued a warrant for his arrest on the ground that he was an alien unlawfully in the United States.

When Belleri completed his prison term, the Department took custody of him and served him a notice to appear in removal proceedings. At his removal hearing, Belleri argued that he had obtained derivative citizenship in 1999, and he presented evidence of his alleged citizenship to an immigration judge. The Department continued to detain Belleri because it contended that he was an alien unlawfully in the United States, and an immigration judge denied Belleri's several requests for bond. After Belleri had been detained for eight months, the Department released Belleri on bond.

The Department later issued Belleri a certificate of citizenship retroactive to March 23, 1999. The Department determined that Belleri had obtained derivative citizenship when his mother became a naturalized citizen and after his parents had obtained a "legal separation" within the meaning of section 1432(a)(3). In 2010, the Department filed a motion to reopen and terminate the removal proceedings against Belleri.

5

On September 18, 2011, Belleri filed a second amended complaint in the district court against the United States, Annette Rivera, who was an officer with the Department, and Stuart Whiddon, who was the sheriff who administered the facility where the Department detained Belleri.  Belleri sued Rivera for damages, see Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971), for violations of his right under the Fourth Amendment to be free from unreasonable seizures and his right under the Fifth Amendment to due process of law.  Belleri sued Rivera and the United States, under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq., for false imprisonment, malicious prosecution, abuse of process, and negligence.  Belleri sued Whiddon for the violation of his right to due process under the Fourteenth Amendment, 42 U.S.C. § 1983, but Belleri later voluntarily dismissed that claim.

Rivera and the United States filed a motion to dismiss the complaint for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and alternatively for failure to state a claim upon which relief can be granted, id. 12(b)(6).  The defendants argued that the following provision of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 stripped the district court of jurisdiction over Belleri's complaint because it arose from a removal proceeding:

(g) Exclusive Jurisdiction.

Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), . . . no court shall have

6

jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).  The Act defines an "alien" as "any person not a citizen or national of the United States."  Id. § 1101(a)(3).  In its motion to dismiss, the United States did not dispute that Belleri is a citizen of the United States, but argued that section 1252(g) still barred his complaint.

The district court concluded that it had jurisdiction over Belleri's complaint because he is a citizen and section 1252(g) bars only complaints "by or on behalf of any alien."  The district court then dismissed Belleri's claims under Bivens and his claims under the Federal Tort Claims Act for false imprisonment, malicious prosecution, and abuse of process on the ground that he had failed to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6).  The district court dismissed Belleri's claim under the Federal Tort Claims Act for negligence on the ground that the discretionary function exception to the Act barred his claim, id. 12(b)(1).  In his appeal to this Court, Belleri has contested the dismissal of only his Bivens claim against Rivera for unreasonable seizure under the Fourth Amendment and the dismissal of his claim against the United States under the Federal Tort Claims Act for false imprisonment.

On April 20, 2012, the Department mailed to Belleri a notice of intent to cancel his certificate of citizenship on the ground that he had obtained his

7

certificate illegally or through fraud. The notice stated that Belleri's claim to derivative citizenship under section 1432(a) depended on proof that his parents obtained a "legal separation" before his mother became a naturalized citizen. The notice stated that the Department had concluded that the Conciliation Agreement between Belleri's parents was not a "legal separation" because the agreement "was simply and exclusively an agreement regarding the legal and physical custody of the couple's children." The notice also stated that, when Belleri's parents obtained a divorce in 2005, Belleri was over the age of 18 and therefore ineligible for derivative citizenship under section 1432(a). The notice informed Belleri that, if he did not contest the notice within 60 days, the Department would cancel his certificate of citizenship.

Belleri did not inform this Court or the district court about the notice. Between May and August 2012, the parties filed their briefs in this Court, and neither of the parties mentioned the notice in their briefs. In their brief, Rivera and the United States also did not challenge the decision of the district court that it had jurisdiction over Belleri's complaint because he is a citizen.

On September 25, 2012, the Department notified Belleri that it had canceled his certificate of citizenship on the ground that he had obtained the certificate by fraud and illegally. The Department explained that Belleri had failed to respond to the earlier notice of intent to cancel his certificate of citizenship and that he could

8

not appeal the cancellation of his certificate.  The notice made no mention of this litigation.

In 2013, before oral argument, counsel for Rivera and the United States became aware that the Department of Homeland Security had revoked Belleri's certificate of citizenship, and counsel notified this Court about that development. At oral argument, the government stated its new position that Belleri is not a citizen of the United States and that, under section 1252(g), the district court lacked jurisdiction to consider his complaint.  Belleri maintained that he is a citizen of the United States and that the district court had jurisdiction to consider his complaint.

## II.    STANDARD OF REVIEW

"We review questions of subject matter jurisdiction <u>de novo</u>."  <u>Yunker v. Allianceone Receivables Mgmt., Inc.</u>, 701 F.3d 369, 372 n.2 (11th Cir. 2012).

## III.    DISCUSSION

We have a continuing obligation to assess our subject matter jurisdiction. "Under the law of this circuit, [ ] parties cannot waive subject matter jurisdiction, and we may consider subject matter jurisdiction claims at any time during litigation." <u>Scarfo v. Ginsberg</u>, 175 F.3d 957, 960 (11th Cir. 1999).  "It is well established that this Court will address a jurisdictional issue on appeal even though never previously raised." <u>In re Davis</u>, 899 F.2d 1136, 1138 n.5 (11th Cir. 1990).

9

We may not consider the merits of Belleri's complaint unless and until we are assured of our subject matter jurisdiction. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94, 118 S. Ct. 1003, 1012 (1998). We have explained that, "[i]n the federal tandem[,] jurisdiction takes precedence over the merits. Unless and until jurisdiction is found, both appellate and trial courts should eschew substantive adjudication." Opelika Nursing Home, Inc. v. Richardson, 448 F.2d 658, 667 (5th Cir. 1971).

We agree with the district court that, if Belleri is a citizen of the United States, the district court had jurisdiction over his complaint. The text of section 1252(g) is unambiguous: the provision strips federal courts of jurisdiction over claims "by or on behalf of any alien," 8 U.S.C. § 1252(g); see, e.g., Gupta v. McGahey, No. 11–14240, slip op. at 6–7 (11th Cir. Feb. 15, 2013), but it does not mention claims by citizens. "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says," Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253–54, 112 S. Ct. 1146, 1149 (1992), and because the text of section 1252(g) mentions only claims by aliens, it does not govern claims by citizens, see Hamdi ex rel. Hamdi v. Napolitano, 620 F.3d 615, 623 (6th Cir. 2010). Our interpretation also is consistent with "the strong presumption in favor of judicial review of administrative action." INS v. St. Cyr, 533 U.S. 289, 298, 121 S. Ct. 2271, 2278 (2001).

10

Although the parties initially agreed that Belleri is a citizen, they now dispute that question of jurisdictional fact.  The United States contends that Belleri is an alien and that the district court lacks jurisdiction over Belleri's complaint because it is a "cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien," 8 U.S.C. § 1252(g); see also Gupta, slip op. at 6.  Belleri argues that he obtained derivative citizenship in 1999 and that the cancellation of his certificate of citizenship, even if uncontested, does not revoke his citizenship.

This new dispute of jurisdictional fact should be considered first by the district court.  "[W]hen it has come to the attention of the court that there exists a 'serious question' regarding the factual predicate for subject-matter jurisdiction," we should "remand[] for a finding to resolve the jurisdictional question."  United States v. Ceja-Prado, 333 F.3d 1046, 1050 (9th Cir. 2003); see also Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 734 (11th Cir. 1982) (remanding a matter to the district court so that it may conduct discovery to resolve a disputed question of jurisdictional fact).  The district court, in the absence of a dispute between the parties, assumed that Belleri was a citizen, and it did not consider whether, if Belleri is an alien, section 1252(g) bars jurisdiction over his complaint.  Now that Belleri's citizenship is disputed, the district court should decide whether Belleri is

11

a citizen of the United States and, if Belleri is an alien, whether section 1252(g) deprives the district court of subject matter jurisdiction over his complaint.

The United States argues that a remand is unnecessary because we can decide, as a matter of law, that Belleri is an alien, but we disagree. To determine whether Belleri obtained derivative citizenship, as he contends, a court must decide the effect, under Colombian law, of the Conciliation Agreement between Belleri's parents. Although determinations of foreign law are treated as rulings on questions of law, "[a] party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing." Fed. R. Civ. P. 44.1; see also Club Car, Inc. v. Club Car (Quebec) Import, Inc., 362 F.3d 775, 781 (11th Cir. 2004) ("To avoid unfair surprise, a party must give reasonable notice, through its pleadings or otherwise, of its intent to rely on foreign law."), abrogated on other grounds as recognized by Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1258–59 & n.7 (11th Cir. 2010). "In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." Fed. R. Civ. P. 44.1. Neither party has given notice of an intent to rely on foreign law, and they have not briefed the question whether the Conciliation Agreement was a legal separation under Colombian law. The district court should decide this matter in the first instance, after considering any relevant materials.

12

Belleri argues that, even if he were an alien, the district court still would have jurisdiction because his complaint does not "aris[e] from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against [him]." 8 U.S.C. § 1252(g). But the district court decided that it had jurisdiction solely on the ground that Belleri is a citizen and section 1252(g) applies only to complaints by aliens. The district court did not consider whether Belleri's complaint arises from the decision or action by the Attorney General to commence a proceeding, adjudicate a case, or execute a removal order against Belleri. If necessary, the district court should decide this question too in the first instance.

## IV.    CONCLUSION

We **VACATE** the order that dismissed Belleri's complaint, and we **REMAND** for the district court to determine whether Belleri is a citizen of the United States and, if Belleri is an alien, whether the district court has subject matter jurisdiction over his complaint.

13