[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 5, 2011
JOHN LEY
CLERK

No. 11-10940
_____

D.C. Docket No. 3:10-cv-00026-WKW-CSC

MALLORY & EVANS CONTRACTORS & ENGINEERS, LLC,

                                        Plaintiff-Appellant,

versus

TUSKEGEE UNIVERSITY,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

Before DUBINA, Chief Judge, COX, Circuit Judge, and HUNT,[*] District Judge.

PER CURIAM:

    The district court's jurisdiction in this case is not contested, but jurisdiction

cannot be created by consent. *Lowry v. Int'l Bhd. of Boilermakers, Iron Shipbuilders*

_____

[*]Honorable Willis B. Hunt, Jr., United States District Judge for the Northern District of
Georgia, sitting by designation.

*& Helpers of Am.*, 259 F.2d 568, 575 (5th Cir. 1958). We are obligated to raise concerns about the district court's subject matter jurisdiction *sua sponte. Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citation omitted).

The complaint in this case alleges that Plaintiff Mallory & Evans Contractors and Engineers, LLC ("Mallory & Evans") is a "Limited Liability Company created under the laws of the State of Georgia" with "[i]ts principal place of business . . . in Scottdale, Georgia." (Dkt 1 at 1.) This is an insufficient allegation of its citizenship. In *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004), we held that a limited liability company, like a partnership, "is a citizen of any state of which a member of the company is a citizen." We continued: "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . ." *Id.*

Additionally, the complaint alleges that Defendant Tuskegee University ("Tuskegee") is "an Alabama institution of higher learning, located in Macon County, Alabama." (Dkt 1 at 1.) This, too, is an insufficient allegation of citizenship. Section 1332 does not mention institutions of higher learning. 28 U.S.C. § 1332 (2006).

The complaint should allege the citizenship of both Mallory & Evans and Tuskegee. Because we suspect there may be diversity of citizenship, Mallory & Evans is invited to file in this court (within fourteen days after the date of this order) a motion for leave to amend the complaint to correct the deficient allegations of citizenship. "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 (2006). *See also Fireman's Ins. Co. of Newark, N.J. v. Robbins Coal Co.*, 288 F.2d 349, 350 (5th Cir. 1961). The parties are urged to agree both upon the grant of leave to file such amendment and upon the truth of the allegations of such amendment unless there is a bona fide dispute about the citizenship of Mallory & Evans or Tuskegee or both.

Should no such motion be filed, the parties are directed to file (within twenty-one days after the date of this order) letter briefs, not exceeding five pages, addressing the issue of whether the record in this case includes evidence of Mallory & Evans's citizenship and Tuskegee's citizenship at the time suit was filed, and if not, to show cause why this case should not be remanded to the district court for the limited purpose of determining whether diversity jurisdiction exists in this case.

SO ORDERED.