[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13174
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 17, 2012
JOHN LEY
CLERK

D.C. Docket No. 5:11-cv-00046-MTT

EARL A. BRYANT,

Plaintiff-Appellant,

versus

ALLY FINANCIAL,
f.k.a. GMAC, Inc.,
MCCULLOUGH PAYNE & HAAN, LLC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(January 17, 2012)

Before DUBINA, Chief Judge, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Appellant Earl A. Bryant, *pro se*, appeals the district court's order dismissing his complaint without prejudice for lack of subject matter jurisdiction. For the reasons that follow, we affirm.

## I.

Bryant filed the present *pro se* complaint with the district court in 2011, alleging that Ally Financial ("Ally"), formally known as GMAC, refused to communicate with him regarding a vehicle he had leased, and that Ally had wrongfully filed a foreclosure action against him in a Georgia state court in 2010, claiming repossession and default charges. In the state court action, Bryant counterclaimed and sought $25,000 in damages but the state court eventually dismissed his counterclaim, and granted relief to Ally.

In documents filed with the district court, Bryant sought $75,000 in damages from Ally for breach of "interstate commerce contract," fraud, and libel. Bryant subsequently filed additional letters that he had sent to the parties, and a summons adding the McCullough, Payne & Haan, LLC ("MPH") law firm, a limited liability company in Atlanta, Georgia, as a defendant because of its actions during its representation of Ally in the state court proceedings. Nevertheless, he

did not allege, in any of his pleadings, the citizenship of the law firm or its members.

## II.

"We review dismissals for lack of subject matter jurisdiction *de novo*." *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006). A district court's factual findings with respect to jurisdiction are reviewed for clear error. *Bryant v. Rich*, 530 F.3d 1368, 1377 (11th Cir. 2008). While factual findings regarding the citizenship of a party for the purposes of determining diversity are normally subject to the clearly erroneous standard of review, issues not briefed on appeal by a *pro se* litigant are deemed abandoned. *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (standard of review); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (abandonment). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (internal quotation marks omitted). We may "affirm the [d]istrict [c]ourt on any basis supported by the record." *Miller v. Harget*, 458 F.3d 1251, 1256 (11th Cir. 2006).

Jurisdiction "cannot be waived or otherwise conferred upon the court by the parties." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (internal quotation marks omitted). Plaintiffs must "affirmatively allege facts

3

demonstrating the existence of jurisdiction." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1273 (11th Cir. 2000) ("It is the plaintiff's burden . . . to allege with sufficient particularity the facts creating jurisdiction . . .") (internal quotation marks omitted).

For claims arising under federal law, 28 U.S.C. § 1331 provides federal subject matter jurisdiction. "The test ordinarily applied . . . is whether a federal question appears on the face of the plaintiff's well-pleaded complaint." *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). For a claim which does not arise under federal law, 28 U.S.C. § 1332 provides original federal diversity jurisdiction, which governs disputes among parties from different states. 28 U.S.C. § 1332(a). Section 1332(a) requires complete diversity, meaning that no plaintiff may have the same domicile as any defendant. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) (citations omitted). To sufficiently allege the citizenship of an unincorporated entity, like a limited liability company, " [A] party must list the citizenships of all the members . . . ." *Mallory & Evans Contractors v. Tuskegee Univ.*, ___ F..3d ___ No. 11-10940 (11th Cir. Dec. 5, 2011). For a federal court to have original jurisdiction over a diversity action, the amount in controversy also must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[T]he party invoking the

court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

Bryant's claims fail for two reasons. First, Bryant has abandoned any challenge to the district court's dismissal because he does not mention subject matter jurisdiction in his appellate brief, except to include the final page of the district court's order, and does not provide any argument on this point. Second, even if we conclude that Bryant has not abandoned the issues, his claims still fail because: (1) there was no basis for § 1331 federal question jurisdiction because the pleadings show that all of his claims arose under state law; (2) there was no basis for § 1332 diversity jurisdiction as Bryant failed to sufficiently plead the citizenship of the parties; and (3) his claimed damages did not exceed $75,000.

Accordingly, we affirm the district court's judgment of dismissal for lack of subject matter jurisdiction.

**AFFIRMED.**

MARTIN, Circuit Judge, concurring specially:

I concur in the court's judgment affirming the District Court's dismissal without prejudice. I concur specially to note that, because this is a dismissal without prejudice, Bryant is free to refile this lawsuit, if he determines that his claims satisfy the requirements for Federal subject matter jurisdiction.