[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 2, 2012
JOHN LEY
CLERK

No. 11-14300
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-00894-MEF-TFM


VIRGINIA A. SMITHERMAN,
Administrator of the Estate of Trentina
Valencia Smitherman, deceased,

                                              Plaintiff - Appellant,

                    versus

UNITED STATES OF AMERICA,

                                              Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(April 2, 2012)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Virginia Smitherman, proceeding <u>pro se</u>, appeals the district court's grant of the government's motion to dismiss her wrongful death action filed under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1).

I.

Smitherman alleges that United States Army medical personnel in Germany prescribed her daughter sodium fluoride supplements because the water in Germany was not fluoridated. She claims that the prescription was issued under guidance from the Food and Drug Administration and the Centers for Disease Control and Prevention even though sodium fluoride supplements have never been approved by the FDA. She alleges that the fluoride supplements caused her daughter to develop cancer, from which her daughter eventually died.

Smitherman was appointed administrator of her daughter's estate and filed a wrongful death action against the United States under the FTCA, alleging that the FDA and CDC acted negligently by "establishing, promulgating and enforcing rules, regulations, policies, directives, guidelines and practices" that encouraged doctors in areas with nonfluoridated water to give children fluoride supplements. The government filed a motion to dismiss, arguing that the district court lacked subject matter jurisdiction because the United States had not waived its sovereign

immunity to torts arising in foreign countries. See 28 U.S.C. § 1346. It also argued that Smitherman was not allowed to proceed pro se on behalf of her daughter's estate.

The district court adopted a magistrate judge's amended report, which recommended granting the government's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) because Smitherman could not proceed pro se on behalf of her daughter's estate. This is Smitherman's appeal.

## II.

We review de novo a district court's grant of a motion to dismiss under Rule 12(b)(6). See Ironworkers Local Union 68 v. AstraZeneca Pharm., LP, 634 F.3d 1235, 1259 (11th Cir. 2011). And we must inquire into subject matter jurisdiction whenever it might be lacking. See Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ., 663 F.3d 1304, 1304 (11th Cir. 2011).

The United States, as sovereign, is immune from suit unless it consents to be sued. United States v. Mitchell, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351 (1980). By enacting the FTCA, the United States waived its immunity to suit for certain torts committed by its employees acting within the scope of their employment, and it vested exclusive jurisdiction over those suits in the United States District Courts. See 28 U.S.C. § 1346(b)(1).

The United States did not, however, waive its immunity to claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." Id. § 2680(a). A discretionary function "involves an element of judgment or choice." Berkovitz v. United States, 486 U.S. 531, 536, 108 S.Ct. 1954, 1959 (1988). "The exception, properly construed, protects only governmental actions and decisions based on considerations of public policy." Id. at 537, 108 S.Ct. at 1959. "Where there is room for policy judgment and decision there is discretion." Id. (quotation marks omitted).

Smitherman alleges that employees of the CDC and the FDA acted negligently in setting a policy that encouraged doctors to give some children sodium fluoride as a dietary supplement. The United States has not waived its sovereign immunity for this type of decision because it "involves an element of judgment or choice" and is a "governmental action[] or decision[] based on considerations of public policy." See 28 U.S.C. § 2680(a); Berkovitz, 486 U.S. at 536, 108 S.Ct. at 1959.

The district court lacked subject matter jurisdiction over Smitherman's wrongful death claim because it is barred by the United States' sovereign

4

immunity. Because the district court did not dismiss the case for lack of

jurisdiction, we vacate and remand with instructions for it to do so.[1]

**VACATED AND REMANDED.**

---

[1] The district court also denied as futile what it construed as Smitherman's motion to amend her complaint to allege the wrongful death claim on her own behalf, instead of on behalf of her daughter's estate. Because the district court would still lack jurisdiction over the claim if the district court permitted that amendment, we **AFFIRM** the district court's denial of Smitherman's motion to amend her complaint.