[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16580
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-21854-RNS

FREDDIE APONTE,

Plaintiff - Appellant,

FANNY APONTE,

Plaintiff,

versus

ROYAL CARIBBEAN CRUISE LINES LTD.,

Defendant,

ROYAL CARIBBEAN CRUISES LTD.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 22, 2018)

Before WILLIAM PRYOR, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Freddie Aponte sued Royal Caribbean Cruises, Ltd. ("Royal Caribbean"), to recover damages for injuries after he slipped and fell on a puddle of soap in the restroom of one of Royal Caribbean's cruise ships. The district court granted summary judgment to Royal Caribbean, and Aponte appealed. Because genuine issues of material fact remain in the record, we vacate and remand.

## I.

We begin by summarizing the facts in the light most favorable to Aponte.[1] Aponte and his wife Fannie were passengers on the Royal Caribbean cruise ship *Freedom of the Seas* in May 2014. Late one evening, Aponte and Fannie went to an upper deck (Deck 5) to get a snack. When they reached the top of the stairs, Aponte decided to use the restroom.

As Aponte entered the Deck 5 restroom, he saw to his left a crewmember standing at the sink nearest the door (the "first sink"), dumping water into the sink from a small, red bucket. Aponte walked past the crewmember and the restroom's four sinks—all to his left—to the urinals. He saw nothing on the ground as he went. The crewmember left the restroom while Aponte was at the urinal. During

---

[1] "[F]or summary judgment purposes, our analysis must begin with a description of the facts in the light most favorable to the plaintiff." *Lee v. Ferraro*, 284 F.3d 1188, 1190 (11th Cir. 2002).

this time, Aponte did not hear any noise other than the door opening and closing. Notably, he did not hear anything fall to the floor.

Aponte washed his hands in the sink nearest the wall that divided the sinks from the urinals (the "last sink"). He then decided to use the paper towel dispenser near the first sink instead of the air dryer to his right. He turned to his left and started walking toward the dispenser. As he reached out to grab a towel, he slipped and fell, hitting the countertop with his arm on the way down and then landing on the floor on his lower back. After he fell, he saw on the floor a puddle of soap roughly one-and-a-half feet in diameter and a plastic soap bottle. The bottle was roughly one foot tall and three inches in diameter.

Aponte sued Royal Caribbean, alleging a single count of negligence.[2] He claimed that, as a result of the accident, he sustained injuries to his neck and back, which ultimately required two surgeries. He also testified that he suffered nerve injuries to his right arm that affected him from his wrist to his neck.

On cross-motions for summary judgment, the district court granted Royal Caribbean's motion and denied Aponte's motion. The court determined that Royal Caribbean was not negligent because there was no evidence that it had notice of the puddle of soap and because the puddle of soap was an open and obvious

---

[2] Fannie brought a claim for loss of consortium, which the district court dismissed and which is not raised on appeal. Accordingly, we deem this claim abandoned. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680–81 (11th Cir. 2014).

condition.  The court also found that Aponte "likely" could not establish a causal link between the fall and his injuries.  Aponte now appeals.

## II.

Initially, we address a question of the district court's subject-matter jurisdiction.  *See Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1304 (11th Cir. 2011) ("We are obligated to raise concerns about the district court's subject matter jurisdiction *sua sponte*.").  We asked the parties to address on what basis the court exercised jurisdiction—whether diversity jurisdiction, 28 U.S.C. § 1332, or admiralty jurisdiction, 28 U.S.C. § 1333—and whether that basis was adequately alleged in the complaint.  After reviewing the parties' responses, we conclude, as both parties now agree, that the complaint invoked and established admiralty jurisdiction.

The district court had admiralty jurisdiction because (1) the alleged tort occurred on navigable waters, (2) the incident (i.e., injury on a cruise) has the potential to disrupt maritime commerce, and (3) the general activity giving rise to the incident (i.e., transporting passengers on a cruise ship) has a substantial relationship to traditional maritime activity.  *See Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 900 (11th Cir. 2004).  The complaint's ineffective jury demand does not deprive the court of jurisdiction.  *Cf. St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1188 (11th Cir. 2009) (concluding, in an admiralty

case, that the court did not err in striking a demand for a jury trial).  And the complaint did not need to comply with Rule 9(h), Fed. R. Civ. P., because that rule applies only when "both admiralty and some other ground of federal jurisdiction exist."  *Id.*  Here, the parties are not diverse, so § 1333 is the sole basis for jurisdiction.  With the district court's jurisdiction established, we turn now to the merits of the court's ruling.

## III.

We review a district court's grant of summary judgment de novo, considering the facts and drawing reasonable inferences in the light most favorable to the non-moving party.  *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009).  Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[G]enuine disputes of facts are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant."  *Mann*, 588 F.3d at 1303 (quotation marks omitted).

We review a district court's application of its local rules for an abuse of discretion, finding such abuse only when the plaintiff demonstrates that the district court made a clear error of judgment.  *Id.* at 1302.

## A.

5

We first consider the district court's apparent decision to exclude certain evidence cited by Aponte in his response to Royal Caribbean's motion for summary judgment under Southern District of Florida Local Rule 56.1.

Local Rule 56.1 requires a non-movant's response to a movant's statement of material facts to "correspond with the order and with the paragraph numbering scheme used by the movant . . . .  Additional facts which the party opposing summary judgment contends are material shall be numbered and placed at the end of the opposing party's statement of material facts . . . ."  *See* S.D. Fla. R.56.1(a); *cf. Mann*, 588 F.3d at 1302–03 (holding that plaintiffs' response failed to comply with Northern District of Georgia Local Rule 56.1 because it was "convoluted, argumentative, and non-responsive").  Under Local Rule 56.1(b), "[a]ll material facts set forth in the movant's statement filed and supported as required [by the Local Rule] will be deemed admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record."

Local-rule summary-judgment statements of undisputed facts, however, are not themselves "a vehicle for making factual assertions that are otherwise unsupported in the record."  *Mann*, 588 F.3d at 1303.  Therefore, we must still review the materials submitted by the movant "to determine if there is, indeed, no genuine issue of material fact."  *Id.*  That is, even where a summary-judgment

motion is unopposed or deemed unopposed, the moving party still bears the burden of showing, based on evidence in the record, that it is entitled to judgment as a matter of law. *Id.* In evaluating whether an unopposed summary-judgment motion should have been granted, we "confine our review of the record to the materials submitted by the [defendant]" in support of its motion. *Id.*; *Reese v. Herbert*, 527 F.3d 1253, 1269 n.26 (11th Cir. 2008).

In this case, the district court noted multiple instances of Aponte's failure to properly oppose Royal Caribbean's statement of material facts. In some instances, Aponte's denial of a fact was paired with a citation to the entirety of a deposition, rather than with "specific citations to evidence (including page or paragraph number)." *See* S.D. Fla. R. 56.1(a)(2); Doc. 82 at 4, ¶ 22 ("Denied. . . . (See [Jamani] Stephen and Corporate Representative's deposition)"); *id.* at 5, ¶ 25 ("Denied – disputed fact. (See Corporate Representative deposition)"). In other instances, Aponte included argumentative statements that did not directly respond to the fact at issue. *See* S.D. Fla. R. 56.1(b); Doc. 82 at 5, ¶ 31 ("[T]his is an improper basis to challenge causation as this is a matter of proof for the jury, and which is supported by Rule 26 disclosures and reports.").

The district court did not disregard Aponte's response as a whole, however. Rather, the court disregarded Aponte's cited evidence when his response to one of Royal Caribbean's facts was inadequate. Altogether, it appears that the court did

7

not consider three pieces of evidence: (1) the deposition of Jamani Stephen, a member of the custodial staff on the *Freedom of the Seas*; (2) the full deposition of Royal Caribbean's corporate representative; and (3) a Rule 26 expert report from Dr. Nizam Razack, who opined that Aponte needed surgery as a result of the injuries he sustained on the cruise ship in May 2014.

We cannot conclude that the district court clearly erred in excluding this evidence for non-compliance with Local Rule 56.1. *See Mann*, 588 F.3d at 1302–03. In conducting our review of the court's summary-judgment ruling, therefore, we largely "confine our review of the record to the materials submitted by [Royal Caribbean]" in support of its summary-judgment motion.[3] *See id.* at 1303. While Aponte denies that his response was inadequate under Local Rule 56.1, he also argues that summary judgment was still inappropriate even if we look solely to the materials submitted by Royal Caribbean. We consider that question now.

**B.**

Maritime law governs the liability of a cruise ship for a passenger's slip and fall. *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1279 (11th Cir. 2015). To prevail on a maritime negligence claim, a plaintiff must show that "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the

---

[3] Besides the excluded evidence and Aponte's own deposition, which Royal Caribbean submitted with its motion, Aponte's response cited just a few other exhibits, including a photograph of the restroom. These additional exhibits are not material to our decision.

8

defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012).

"Under maritime law, the owner of a ship in navigable waters owes passengers a duty of reasonable care under the circumstances." *Sorrels*, 796 F.3d at 1279 (quotation marks omitted). That standard requires "as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). Regardless of notice, however, there is no duty to warn of dangers that are open and obvious. *See, e.g.*, *Deperrodil v. Bozovic Marine, Inc.*, 842 F.3d 352, 357 (5th Cir. 2016); *Samuels v. Holland Am. Line-USA, Inc.*, 656 F.3d 948, 954 (9th Cir. 2011). Therefore, a cruise-ship operator is not liable if it did not have notice of the danger or if the danger was open and obvious. *See Keefe*, 867 F.2d at 1322; *Deperrodil*, 842 F.3d at 357.

In granting Royal Caribbean summary judgment, the district court made two key determinations. First, the court found that Royal Caribbean did not have actual or constructive notice of the puddle of soap. While Aponte saw a crewmember in the restroom, the court explained, there was no evidence establishing whether the puddle was on the floor while the crewmember was there or whether the crewmember was aware of the puddle or the soap bottle. Second, the court found

that Royal Caribbean had no duty to warn because there was "no dispute that the puddle of soap was open and obvious," citing Aponte's testimony that he "obviously" would have seen the puddle on the floor had he looked at it.

We conclude that there are genuine issues of material fact with respect to both matters. With regard to notice, a reasonable factfinder could conclude that the puddle of soap was on the floor before Aponte entered the restroom and while the crewmember was at the sink. Given Aponte's description of the soap bottle (roughly one foot tall and three inches in diameter) and the amount of soap on the floor (roughly one-and-a-half feet in diameter), it is reasonable to infer both that the soap on the floor came from the bottle and that Aponte would have heard the relatively large bottle hitting the floor if it had fallen while he was in the restroom. Yet Aponte testified that he did not hear anything hit the floor or any noise other than the door opening and closing when the crewmember left the restroom. These facts suggest that the soap bottle had fallen to the floor before Aponte entered the restroom and that the puddle of soap was present on the floor while the crewmember was dumping water into the first sink.

Further, a reasonable factfinder could conclude that the crewmember knew or should have known about the puddle of soap. Aponte testified that the crewmember was standing at the first sink. He also testified that he slipped on the puddle of soap while reaching out to grab a towel at the dispenser to the left of that

10

same sink.  These facts place the crewmember in the immediate vicinity of a puddle of soap that was one-and-a-half feet in diameter.  Drawing all reasonable inferences in Aponte's favor, a factfinder could conclude that the crewmember knew or should have known about the puddle of soap at his feet and either removed the hazard or warned Aponte of it.  *Cf. Alterman Foods, Inc. v. Ligon*, 272 S.E.2d 327, 330 (Ga. 1980) ("In some cases the proprietor may be held to have constructive knowledge if the plaintiff shows that an employee of the proprietor was in the immediate area of the dangerous condition and could have easily seen the substance and removed the hazard." (quotation marks omitted)).

We also conclude that there is a genuine issue of material fact as to whether the condition was open or obvious.  To determine whether a condition is open and obvious, we ask whether a reasonable person would have observed the condition and appreciated the nature of the condition.  *See Lancaster v. Carnival Corp.*, 85 F.Supp.3d 1341, 1345 (S.D. Fla. 2015); *Lugo v. Carnival Corp.*, 154 F.Supp.3d 1341, 1345–46 (S.D. Fla. 2015).

Here, a reasonable factfinder could conclude that the puddle of soap was not open and obvious to a reasonable person.  Aponte described a "clearish" puddle of soap on the tile of the restroom floor in the area immediately in front of the sinks. He testified that he did not see anything on the floor when he walked past that area to the urinals and that he was not looking at the floor when he slipped because he

11

was looking at and reaching for the paper towel dispenser. Although Aponte testified that he "obviously" would have seen the puddle of soap if he had looked directly at it, the fact that the puddle of soap was capable of being observed does not necessarily make it open and obvious to a reasonable person. What a plaintiff actually perceives is, of course, relevant to the determination of what a reasonable person would perceive under the same circumstances. But Aponte did not testify that he saw the puddle and still stepped in it. Rather, his testimony was that he did not see anything on the floor of the restroom until after he slipped. We cannot conclude, as a matter of law, that a reasonably prudent person through the exercise of common sense and the ordinary use of his senses would have clearly seen the "clearish" puddle of soap on the floor.

Beyond issues of notice and whether the condition was open and obvious, the district court briefly addressed whether Aponte could establish a causal link between his fall and his current injuries. The court stated that Royal Caribbean "likely . . . would prevail on its argument that Aponte failed to show causation." But the district court did not actually find that Royal Caribbean met its initial burden at summary judgment on that issue. *See Mann*, 588 F.3d at 1303.

Royal Caribbean responds that we can affirm on any ground supported by the record, and, in its view, it was clearly entitled to summary judgment. We are not so sure, however. Royal Caribbean's evidence—the deposition of Dr. Scott

Sherman, who treated Aponte before and after the accident—related to Aponte's back and neck injuries and did not address his claimed nerve injuries to his right arm. In addition, there was some indication from the doctor's testimony that Aponte's back problems worsened after the accident, though perhaps not significantly so. The court also did not decide whether Aponte's injuries were of the type requiring expert testimony to establish a causal link or whether a lay jury could decide the matter based on common knowledge. Given the ambiguities and unresolved issues in the record, and consistent with our general practice, we decline to decide this matter in the first instance. *See Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1322 & n.4 (11th Cir. 2001) (noting our preference for the district court to address issues in the first instance).

## IV.

For the reasons stated, we vacate the grant of summary judgment in favor of Royal Caribbean and remand for further proceedings consistent with this opinion.[4]

**VACATED AND REMANDED**.

---

[4] Because we find a genuine issue of material fact as to whether Royal Caribbean had notice of the dangerous condition, we need not and do not consider Aponte's alternative argument for holding Royal Caribbean liable in the absence of notice.