[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14329
Non-Argument Calendar

_____

D.C. Docket No. 3:19-cv-00798-BJD-PDB


SANDY OESTRIECHER,
KURT OESTRIECHER,

Plaintiffs-Appellants,

versus

GOODYEAR TIRE & RUBBER COMPANY (THE),
a foreign corporation,
SUMITOMO RUBBER USA, LLC,
a foreign limited liability company
f.k.a. Goodyear Dunlop Tires North America, LTD.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 26, 2020)

Before WILLIAM PRYOR, LUCK and LAGOA, Circuit Judges.

PER CURIAM:

Sandy and Kurt Oestriecher appeal the *sua sponte* dismissal without prejudice of their amended complaint for lack of subject-matter jurisdiction. The Oestrichers sought to invoke federal jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332, so their complaint had to "include the citizenship of each party . . . [to establish] that no plaintiff [was] a citizen of the same state as any defendant." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir.2013). The couple does not dispute that—despite being apprised how to remedy the jurisdictional defect and the consequences of failing to comply—their amended complaint failed to allege either the state of incorporation for Goodyear Tire & Rubber Company, *see* 28 U.S.C. § 1332(c)(1), or the identity and citizenship of each member of Sumitomo Rubber USA, LLC, *see Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011).

The Oestrichers challenge the denial of their motion to set aside the order of dismissal, but we cannot say that the district court abused its discretion. The Oestrichers failed to correct the deficiencies in the supplemental notice to their original complaint and in their amended complaint, and the district court made clear that the couple could refile their action. The Oestrichers argue that the dismissal of their action could operate as a dismissal with prejudice if the statute of limitation in Louisiana applies, but in the words of the district court, the couple "has given little reason to suspect that Louisiana law will apply where [they]

2

allege[] the subject accident occurred in Florida and Defendants' products were marketed, manufactured, and used in Florida." We will not fault the district court for rejecting an argument that is purely speculative.

We **AFFIRM** the dismissal of the Oestriechers amended complaint with prejudice.