IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 NORTHERN DIVISION 

STEPHANIE OAKLEY, as ) 
Administrator of the Estate of ) 
WYMAN LUCICUS, deceased, ) 
 ) 
 Plaintiff, ) 
 ) 
v. ) CASE NO. 2:20-CV-85-WKW 
 ) [WO] 
CEPERO TRUCKING, INC., and ) 
A. L. LOGISTICS, LLC, ) 
 ) 
 Defendants. ) 
 ORDER 
Plaintiff Stephanie Oakley, as the administrator of the estate of Wyman 
Lucicus, commenced this wrongful death suit against Defendant Cepero Trucking, 
Inc. (“Cepero”), and A. L. Logistics, LLC (“ALL”), in the Circuit Court of Butler 
County, Alabama. ALL removed this action to this court on the basis of diversity 
jurisdiction.1 See 28 U.S.C. §§ 1332(a), 1441(a). Although there is no challenge to 

1 In its Notice of Removal, ALL contends that it “is under no obligation to obtain consent 
to remove from Cepero because it [Cepero] has not been properly joined and served.” (Doc. # 1, 
at 4.) Any challenge that ALL’s removal violated the rule of unanimity has been waived. See 
Londono v. Hilton Int’l Co., No. 07-21250-CIV, 2007 WL 9702715, at *1, n.2 (S.D. Fla. Aug. 22, 
2007) (“The failure to have unanimity among defendants . . . is a procedural, not a jurisdictional 
defect, and consequently, any failure by the removing defendants to satisfy the unanimity 
requirement is waived as a basis for remand unless the plaintiff raises the defect within 30 days 
after removal.”); see also Overlook Gardens Props., LLC v. ORIX USA, L.P., 927 F.3d 1194, 1202 
(11th Cir. 2019) (“The failure to join all defendants in the petition is a defect in the removal 
procedure.”). 
subject matter jurisdiction, “jurisdiction cannot be created by consent.” Mallory & 
Evans Contractors & Eng’rs, LLC v. Tuskegee Univ., 663 F.3d 1304, 1304 (11th 

Cir. 2011) (per curiam). Courts are obligated to raise concerns about subject-matter 
jurisdiction sua sponte. See id. at 1304–05 (citation omitted); see also Purchasing 
Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1228 (11th Cir. 2017) (The 

courts “must be vigilant in forcing parties to meet the unfortunate demands of 
diversity jurisdiction in the 21st century.”). 
For jurisdiction to rest on §§ 1332(a) and 1441(a), the Notice of Removal must 
set forth each party’s citizenship, and those allegations must show diversity of 

citizenship between Plaintiff and Defendants. The Notice of Removal provides that 
Plaintiff, as the administrator, “alleges that she is a resident of Mobile County, 
Alabama.” (Doc. # 1, at 3.) It further sets forth that ALL is “a Texas limited liability 

company with its principal place of business in Texas.” (Doc. # 1, at 4.) The Notice 
of Removal also delineates that Cepero has an “office in Lar[e]do, Texas,” and that 
“[a] search of the Texas Secretary of State’s business records indicated Cepero is 
incorporated in Texas.” (Doc. # 1, at 3.) These are insufficient allegations of 

Plaintiff’s citizenship and of an LLC’s and corporation’s citizenship. 
First, when the party is the legal representative of the decedent’s estate, the 
relevant citizenship is that of the decedent. See § 1332(c)(2) (“[T]he legal 

representative of the estate of a decedent shall be deemed to be a citizen only of the 
same State as the decedent . . . .”). Additionally, “[c]itizenship, not residence, is the 
key fact . . . to establish diversity for a natural person.” Taylor v. Appleton, 30 F.3d 

1365, 1367 (11th Cir. 1994). Second, “a limited liability company, like a 
partnership, ‘is a citizen of any state of which a member of the company is a 
citizen.’” Mallory, 663 F.3d at 1305 (quoting Rolling Greens MHP, L.P. v. Comcast 

SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam)). 
Therefore, “‘[t]o sufficiently allege the citizenships of these unincorporated business 
entities, a party must list the citizenships of all the members of the limited liability 
company . . . .’” Id. (quoting Rolling Greens MHP, L.P., 374 F.3d at 1022). Third, 

a corporation is a citizen of (1) the “state by which it has been incorporated” and 
(2) the “state where it has its principal place of business.” § 1332(c)(1). 
The Notice of Removal does not set out the citizenship of the decedent. It 

also does not list the members of ALL and their citizenship. Furthermore, the 
allegation that Cepero has an “office” in Texas is insufficient to establish its principal 
place of business. 
ALL bears the burden of establishing removal jurisdiction. See Leonard v. 

Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) (“A removing defendant bears 
the burden of proving proper federal jurisdiction.”). As part of its burden, ALL must 
demonstrate that complete diversity of citizenship existed both at the 

commencement of the state-court action and at the time of removal. See Baker v. 
Tri-Nations Express, Inc., 531 F. Supp. 2d 1307, 1317 (M.D. Ala. 2008). 
Accordingly, ALL is DIRECTED to file a jurisdictional statement on or before 

November 2, 2020, to correct the deficient allegations of citizenship. See 28 U.S.C. 
§ 1653 (“Defective allegations of jurisdiction may be amended, upon terms, in the 
trial or appellate courts.”). 

DONE this 27th day of October 2020. 
 /s/ W. Keith Watkins 
 UNITED STATES DISTRICT JUDGE