[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10949

_____

15 OZ FRESH & HEALTHY FOODS LLC,

Plaintiff-Appellant,

*versus*

UNDERWRITERS AT LLOYD'S LONDON
KNOWN AS SYNDICATES AML 2001,
WBC 5886, MMX 2010 AND SKD 1897,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-23407-AHS

———————————————

Before BRANCH, LUCK, Circuit Judges, and SANDS,* District Judge.

PER CURIAM:

15 Oz Fresh & Healthy Foods LLC ("15 Oz") appeals the district court's dismissal with prejudice of its six-count class-action complaint against Underwriters at Lloyd's London Known as Syndicates AML 2001, WBC 5886, MMX 2010, and SKD 1897 ("Underwriters"), concerning insurance coverage under Florida law for losses incurred by businesses as a result of the COVID-19 pandemic.[1]  Because the parties are well aware of the facts, we will not restate them here.  Instead, we start with 15 Oz's pending motion to amend its complaint to include additional allegations of the parties' citizenship for purposes of diversity jurisdiction.  For the reasons below, we grant 15 Oz's motion to amend its complaint, find that subject matter jurisdiction exists, and affirm

———————————————

* Honorable W. Louis Sands, United States District Judge for the Middle District of Georgia, sitting by designation.

[1] 15 Oz's complaint alleged that it sustained various COVID-19–related business losses that were covered by its insurance policy with Underwriters. Specifically, 15 Oz brought claims for a declaratory judgment and breach of contract on behalf of the business income class (counts one and two), a declaratory judgment and breach of contract on behalf of the extra expense coverage class (counts three and four), and a declaratory judgment and breach of contract on behalf of the civil authority coverage class (counts five and six).

the district court's dismissal of 15 Oz's complaint for failure to state a claim upon which relief can be granted.

## I.    Motion to Amend

We are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). We must confirm that we have jurisdiction and that the district court did as well. *Id.* After examining 15 Oz's complaint, we issued a jurisdictional question asking whether the pleadings sufficiently alleged the citizenship of the parties so as to invoke diversity jurisdiction in the first instance. The parties jointly responded, and 15 Oz filed an uncontested motion to amend its complaint to cure the insufficient citizenship allegations. We carried the jurisdictional issue and pending motion to amend with the case.

In accordance with 28 U.S.C. § 1653 and our precedent, we GRANT 15 Oz's uncontested motion to amend its complaint. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) ("Because we suspect there may be diversity of citizenship, [appellant] is invited to file in this court . . . a motion for leave to amend the complaint to correct the deficient allegations of citizenship.").

## II.    Subject Matter Jurisdiction

4                    Opinion of the Court                    21-10949

We must now decide whether 15 Oz's amended complaint alleges sufficient information to establish diversity jurisdiction. We hold that it does.

In pertinent part, 15 Oz's complaint now alleges that (a) 15 Oz is a limited liability company organized to do business in Florida and (b) Lloyd's Syndicate AML 2001—one of the defendant-syndicates—is comprised of only one capital provider, MS Amlin Corporate Member Limited, which is incorporated under the laws of England and Wales and has its principal place of business in London, England.[2]    Because 15 Oz brought a class-action complaint, we analyze diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA").    We recognize that there is a

---

[2] The Lloyd's of London insurance market is unique.  To start, "Lloyd's is not a company; it is a market somewhat analogous to the New York Stock Exchange." *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1357 (2d Cir. 1993).  Thus,

> Lloyd's itself does not insure any risk.  Individual underwriters, known as 'Names' or 'members,' assume the risk of the insurance loss.  Names can be people or corporations; they sign up for certain percentages of various risks across several policies.
>
> . . .
>
> Names underwrite insurance through administrative entities called syndicates, which cumulatively assume the risk of a particular policy.

*Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1083 (11th Cir. 2010).

21-10949                Opinion of the Court                5

complicated question at the intersection of CAFA and one of our precedents, *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079 (11th Cir. 2010), but we do not address that issue today because it is clear that diversity jurisdiction exists under any resolution.

In *Osting-Schwinn*, we held that Lloyd's syndicates "fall squarely within the class of *unincorporated associations* for which *the pleading of every member's citizenship is essential* to establishing diversity jurisdiction." 613 F.3d at 1088 (emphasis added). *Osting-Schwinn*, however, did not consider diversity jurisdiction in the class action context. CAFA controls class actions, and provides that "an *unincorporated association* shall be deemed to be a citizen of the State where *it* has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10) (emphasis added).

That is, the plain language of CAFA requires us to consider the principal place of business and state of incorporation of the association (syndicate) itself while *Osting-Schwinn* requires us to consider the citizenship of "every" underlying capital-contributing member. *Compare id.*, *with Osting-Schwinn*, 613 F.3d at 1088. Because Lloyd's Syndicate AML 2001 is a single-member syndicate, however, we need not resolve the conflict today. We conclude there is diversity jurisdiction under any resolution of the conflict in authority, so we proceed to the merits of 15 Oz's appeal.

III.    District Court's Dismissal of 15 Oz's Complaint

6                    Opinion of the Court                    21-10949

We now affirm. Our precedent in *SA Palm Beach LLC v. Certain Underwriters at Lloyd's, London*—issued while the instant case was pending and after the parties submitted their briefs—squarely rejects 15 Oz's argument that Florida law extends insurance coverage to business losses and expenses related to the COVID-19 pandemic, and it forecloses further consideration of this issue. 32 F.4th 1347, 1359–63 (11th Cir. 2022) (predicting that the Florida Supreme Court would follow the "majority view" and conclude that business income, extra expense, and civil authority provisions, among others, would be inadequate to trigger coverage for losses and expenses incurred by businesses caused by COVID-19 in similar Lloyd's insurance policies under Florida law); *see also, e.g.*, *Commodore, Inc. v. Certain Underwriters at Lloyd's London*, 342 So. 3d 697, 698–705 (Fla. 3d DCA 2022) (confirming this prediction); *Suhaag Garden, Inc. v. Certain Underwriters at Lloyd's London*, No. 3D21-1803, -- So. 3d --, 2022 WL 3050339, at *1 (Fla. 3d DCA Aug. 3, 2022) (same). In *SA Palm Beach*, we held that losses stemming from the suspension of business operations and extra costs incurred because of COVID-19 were insufficient under Florida law to trigger insurance coverage because they lacked the requisite "tangible alteration of the insured properties." 32 F.4th at 1350. So too here.

**MOTION TO AMEND GRANTED. AFFIRMED.**