In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10578

_____

CHARMAINE SAUNDERS,

Plaintiff-Appellant,

*versus*

NEIGHBORHOOD RESTAURANT PARTNERS,
a Foreign Limited Liability Company
d.b.a. Applebee's,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cv-02586-SDM-AAS

_____

2                           Order of the Court                    24-10578

Before BRANCH, ABUDU, and ANDERSON, Circuit Judges.

BY THE COURT:

Charmaine Saunders, proceeding *pro se*, appeals from the district court's order denying her motion for reconsideration of the order vacating entry of default against the defendant and dismissing her *pro se* complaint as barred by *res judicata*.

Saunders's complaint invoked the district court's diversity jurisdiction under 28 U.S.C. § 1332 and alleged five counts of negligence against one defendant. In the complaint, Saunders named the defendant as "Neighborhood Restaurant Partners DBA Applebee's, a Foreign Limited Liability Company," sometimes referring to the defendant as "Neighborhood Restaurant Partners, LLC." In her other district court filings, Saunders included "Florida" in the defendant's name, referring to the defendant as "Neighborhood Restaurant Partners Florida DBA Applebee's" or "Neighborhood Restaurant Partners Florida, LLC."[1] As we discuss later, on appeal, she also includes "Florida" in the defendant's name. However, the defendant and the district court did not include "Florida" in the defendant's name, referring to the defendant as "Neighborhood Restaurant Partners, LLC," "Neighborhood Restaurant Partners DBA Applebee's," or "Neighborhood Restaurant Partners."

---

[1] For clarity and brevity, we use the abbreviation "NRP" for references to the defendant that do not include "Florida" in the defendant's name. We use the abbreviation "NRP Florida" for references that include "Florida" in the defendant's name.

24-10578                    Order of the Court                         3

On appeal, we issued a jurisdictional question ("JQ") asking whether the relevant pleadings sufficiently alleged the citizenship of the defendant so as to invoke the district court's diversity jurisdiction in the first instance.

Although the complaint alleged that Saunders is a citizen of Florida, it failed to sufficiently allege NRP's citizenship. *See* 28 U.S.C. § 1332(a)(1); *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (providing that the party invoking diversity jurisdiction must allege the citizenship of the parties at the time the suit is filed in federal court). The complaint inconsistently presented NRP as a corporation and as an LLC. The complaint initially alleged that NRP was incorporated in Florida with its principal place of business in Georgia, but it later alleged that NRP was a limited liability company with its principal place of business in Georgia, without alleging the state of which NRP was a citizen or identifying NRP's members. *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is a citizen of its state or foreign state of incorporation as well as its principal place of business); *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011) (holding that an LLC is a citizen of any state of which a member of the company is a citizen, and to sufficiently allege the citizenships of these unincorporated business entities, a party must identify the citizenships of the members of the LLC). Thus, the complaint failed to establish NRP's citizenship.

In response to the JQ, Saunders moves to supplement the record on appeal with proffered evidence of "NRP Florida's"

citizenship to cure the deficiencies in the complaint. In her motion, she asserts that NRP Florida is registered in Delaware and that it is a foreign limited liability company in Florida. She also asserts that her proffered evidence would provide the citizenships of NRP Florida's "key" or "principal" members and that one member, Argonne Capital Group, LLC ("Argonne"), had members who are citizens of Georgia. She contends that the proffered evidence confirms that the known members of NRP Florida are not citizens of Florida.

Saunders submits four exhibits as her proffered evidence. First, she submits the certificates of interested persons and corporate disclosure statements ("CIPs") that NRP Florida filed in other district court cases, a portion of her complaint filed in this case, and another plaintiff's civil cover sheet and complaint filed against NRP Florida in a separate district court case. Second, she submits NRP Florida's registration details from the Florida Department of State. Third, she submits an updated CIP for "NRP DBA Applebee's Argonne Capital Key Members." Lastly, she submits her sworn notarized affidavit, in which she asserts that "NRP, Inc." is incorporated in Delaware with its principal place of business in Georgia.

The defendant did not respond to the JQ or to Saunders's motion to supplement the record on appeal. However, before we issued the JQ, the defendant filed its CIP on appeal, which listed, *inter alia*, "Neighborhood Restaurant Partners, LLC" as a Georgia limited liability company and "Neighborhood Restaurant Partners Florida, LL" as a Florida limited liability company.

24-10578                    Order of the Court                    5

We conclude that Saunders's proffered evidence would not cure the deficiency in the citizenship allegation for the defendant. *See CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1330 (11th Cir. 2000) (explaining that we have discretion to allow the parties to supplement the record on appeal with information not reviewed by the district court); *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (explaining that when deciding whether to allow supplementation of the record, we consider whether (1) supplemental material would be dispositive of pending issues and (2) interests of justice and judicial economy would be served). That is so for several reasons.

First, Saunders seemingly used NRP and NRP Florida interchangeably to refer to the defendant in her district court filings, and she does the same in her filings on appeal. However, it is now unclear whether NRP and NRP Florida are separate entities, given that the defendant did not include "Florida" in its name and its CIP on appeal suggests that "Neighborhood Restaurant Partners, LLC" and "Neighborhood Restaurant Partners Florida, LL" are separate entities. If NRP and NRP Florida are separate entities, the parties have not explained (1) which entity is the named defendant and (2) the relationship between NRP and NRP Florida and how that relationship could affect whether the district court had diversity jurisdiction. *See McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) ("When jurisdiction depends on citizenship, citizenship should be distinctly and affirmatively alleged." (quotation marks omitted)). If the parties to this case cannot be determined, then

diversity jurisdiction cannot be established. *See Travaglio*, 735 F.3d at 1268; *McGovern*, 511 F.2d at 654.

Second, even assuming *arguendo* that NRP and NRP Florida are the same entity and the defendant in this case, Saunders's motion and proffered evidence inconsistently refer to NRP Florida as a corporation and as an LLC. *See McGovern*, 511 F.2d at 654. If NRP Florida is an LLC, Saunders motion and proffered CIP only provide that Argonne—also an LLC—is a member of NRP Florida and that Argonne's "key" or "principal" members are citizens of Georgia. Thus, it is unclear whether Argonne is the sole member of NRP Florida and whether Argonne has other members. *See Mallory & Evans*, 663 F.3d at 1305. She also asserts that the proffered evidence shows that the known members of NRP Florida are not citizens of Florida—a negative, rather than affirmative, statement of citizenship. *See McGovern*, 511 F.2d at 654.

Lastly, the other proffered evidence also does not resolve the diversity issue on appeal. The district court filings in other cases do not inform us as to whether diversity jurisdiction existed in this case, and as previously discussed, Saunders's complaint in this case did not sufficiently allege the defendant's citizenship. *See Travaglio*, 735 F.3d at 1268. NRP Florida's registration details do not include NRP's or NRP Florida's citizenship, nor do they identify the members of NRP or NRP Florida. *See* 28 U.S.C. § 1332(c)(1); *Mallory & Evans*, 663 F.3d at 1305. Saunders's affidavit uses language to establish citizenship for a corporation, not an LLC—furthering the confusion as to whether the defendant is a

24-10578                    Order of the Court                    7

corporation or an LLC.  *See* 28 U.S.C. § 1332(c)(1); *Mallory & Evans*, 663 F.3d at 1305.

Because the record does not resolve whether diversity jurisdiction exists and the parties have not resolved that issue on appeal, remand is necessary.  *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022-23 (11th Cir. 2004); *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1228 (11th Cir. 2017) ("In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

Accordingly, Saunders's motion to supplement the record on appeal is DENIED WITHOUT PREJUDICE to the parties seeking such relief on remand.

This appeal is REMANDED to the district court for the limited purpose of determining the citizenship of the defendant and whether diversity jurisdiction existed when this action was filed in the district court.

If the district court determines that the parties were completely diverse, then it should enter an order to that effect and return the record, as supplemented, to this Court for further proceedings.  If the district court determines that complete diversity did not exist, then it should vacate its judgment and dismiss the action without prejudice for lack of subject matter jurisdiction.