In the

# United States Court of Appeals

## For the Eleventh Circuit

———————————————

No. 25-13869

———————————————

VICKY PATTERSON,
   as surviving daughter and as anticipated
   administrator of the Estate of Patricia Daniel,
   deceased,

*Plaintiff-Appellee,*

*versus*

LAKE CITY NURSING AND REHABILITATION,
LLC,

*Defendant-Appellant,*

JOHN DOE 1, et al.,

*Defendants.*

———————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:24-cv-04372-JPB

———————————————

Before BRANCH and LUCK, Circuit Judges.

BY THE COURT:

Lake City Nursing and Rehabilitation, LLC ("Lake City") appeals the district court's order denying its motion to compel arbitration.

We issued a jurisdictional question ("JQ") about whether the relevant pleadings adequately alleged the parties' citizenships so as to invoke the district court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1), (c)(1), (c)(2); *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011); *Alliant Tax Credit 31, Inc v. Murphy*, 924 F.3d 1134, 1143 (11th Cir. 2019). The pleadings did not distinctly and affirmatively allege the citizenship of Vitas Healthcare Corporation of Georgia ("Vitas") or Vicky Patterson, as administrator of Patricia Daniel's estate. *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) ("When jurisdiction depends on citizenship, citizenship should be distinctly and affirmatively alleged." (quotation marks omitted)).

In response to the JQ, Lake City points us to record evidence to establish the parties' citizenships and moves to amend its notice of removal. In her response to the JQ, Patterson agrees that the parties were diverse. Vitas did not file a response.

The pleadings, as amended by Lake City's proposed amended notice of removal, sufficiently allege Lake City's and Patterson's citizenship at the time of removal. The proposed amended notice of removal alleges that Daniel was a Georgia citizen at the time of her death and that Lake City's members are all New York citizens. *See* 28 U.S.C. § 1332(c)(2); *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007) (explaining that a

legal representative of an estate is a citizen of the same state as the decedent at the time of the decedent's death); *Mallory*, 663 F.3d at 1305 (providing that a party must allege the citizenships of all members of the LLC).

The record evidence and the proposed amended notice of removal fail to establish Vitas's citizenship. The proposed amended notice of removal does not address Vitas's citizenship, and neither the pleadings nor Vitas's unsworn corporate disclosure form establish its citizenship. *See* 28 U.S.C. § 1332(c)(1); *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269-70 (11th Cir. 2013) (explaining that unsworn statements are insufficient to establish citizenship).

Accordingly, we GRANT Lake City's motion for leave to amend the notice of removal and direct Lake City to file its amended notice of removal, along with a copy of this order, in the district court. We REMAND this appeal to the district court for the limited purpose of determining the citizenship of Vitas and whether diversity jurisdiction existed. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022-23 (11th Cir. 2004); *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1228 (11th Cir. 2017) ("In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century."). If the district court determines that the parties were completely diverse, then it should enter an

4                            Order of the Court                    25-13869

order to that effect and return the record, as supplemented, to this Court for further proceedings.  If the district court determines that complete diversity did not exist, then it should vacate its rulings and dismiss the action without prejudice for lack of subject matter jurisdiction.